UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL COOPER,

   Petitioner,

 v.

RAYBON JOHNSON, Warden,

   Respondent.

Case No. 20-cv-01593-JST

**ORDER TO SHOW CAUSE**

Petitioner, a state prisoner incarcerated at Lancaster State Prison, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction from Alameda County Superior Court. Petitioner has paid the filing fee. ECF No. 6

## BACKGROUND

On October 21, 2013, petitioner pled nolo contendere to first-degree robbery with use of a firearm (Cal. Penal Code § 213(a)), and to three consecutive counts of grand theft (Cal. Penal Code § 487(c)). ECF No. 1 at 1-2. Petitioner was sentenced to eighteen years in state prison that same day. ECF No. 1 at 2. Petitioner reports that he did not file any habeas petitions in the state courts. ECF No. 1 at 5.

## DISCUSSION

**A. Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.      Claims**

Petitioner alleges as follows:

> I am being illegally charged with charges that the courts and District Attorney stated in their investigation and Alameda County Probation Officer Report that I Michael Cooper had nothing to do with.
>
> Counts 17, 18, 19 PC. 487(c) should have never been added onto my sentence as stated in Probation Officer Report stated that I was only charged with the 8-27-2011 robbery. Let it be noted that the other robberies happened on 8-30-2011 but I Michael Cooper were only charged with the 8-27-2011 robbery. So therefore counts 17, 18, 19 is an illegal sentence.

ECF No. 1 at 3. Petitioner states that he has attached a legal status summary report that supports this claim. ECF No. 1 at 3; ECF No. 1-1. The Court liberally construes this allegation as alleging that petitioner's sentence is unconstitutional because he was sentenced for three uncharged counts of grand theft. As explained below, the petition suffers from numerous deficiencies.

First, petitioner's claim is barred because he was convicted upon a plea of nolo contendere, which has the same effect as a guilty plea.[1] Pre-plea constitutional violations cannot be considered in a federal habeas action brought by a petitioner who pled guilty. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea "generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty"). The only challenges left open in federal habeas corpus after a guilty plea are the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).

/ / /

/ / /

/ / /

---

[1] "[A] plea of nolo contendere shall be considered the same as a plea of guilty . . . The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes." Cal. Penal Code § 1016 (2003). Under California law, a "plea of nolo contendere 'is the functional equivalent of a guilty plea.'" *United States v. Anderson*, 625 F.3d 1219, 1220 (9th Cir. 2010) (quoting *People v. Whitfield*, 54 Cal. Rptr. 2d 370, 377 (Cal. Ct. App. 1996)).

Second, petitioner's claims do not appear to be exhausted. Petitioner reports that he has not filed anything in the state courts with respect to this conviction. ECF No. 1 at 5. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). The court generally may not grant relief on an unexhausted claim. *See* 28 U.S.C. § 2254(b)(1).

Third, plaintiff's allegations contradict his claim that he was sentenced based on uncharged crimes. If the allegations of grand theft were charged as counts, e.g. Counts 17, 18, and 19, presumably petitioner was charged with these counts of grand theft. Generally, "counts" refers to charges in an indictment. The attachment to the petition is not a legal status summary report or a probation report. The attachment is petitioner's May 7, 2014 California Department of Corrections and Rehabilitation ("CDCR") classification chrono, which does not confirm what petitioner was charged with in the indictment, and what the basis was for his sentence. If petitioner intended to argue that he should not have been sentenced for the August 30, 2011 robberies because he did not commit these robberies, that claim is precluded by his nolo contendere plea, as explained *supra*.

Because the petition suffers from the deficiencies identified above, the Court orders petitioner to show cause why this petition for a writ of habeas corpus should not be dismissed for failure to state a cognizable claim for federal habeas relief.

### CONCLUSION

For reasons set forth above, the Court orders petitioner to show cause why this petition for a writ of habeas corpus should not be dismissed for failure to state a cognizable claim for federal habeas relief. Within **sixty (60) days** of the issuance of this order, petitioner shall file an answer to this order to show cause. Failure to do comply with the deadline set forth in this order may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

3

1   Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b)

2   applicable in habeas cases).  Upon a showing of good cause, requests for a reasonable extension of

3   time will be granted provided they are filed on or before the deadline they seek to extend.

4   **IT IS SO ORDERED.**

5   Dated:  September 14, 2020



JON S. TIGAR
United States District Judge

4